IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONG'S PRODUCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> POLANI FINANCIALS & INVESTMENT CORPORATION, a California corporation, and PRABHAKAR POLANI, <br><br> Defendants. _____/ | No. C 14-00497 CW <br><br> ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Docket No. 5) |

On February 5, 2014, Plaintiff Chong's Produce, Inc. filed ex parte for a temporary restraining order against Defendants Polani Financials & Investment Corporation dba Shalimar Restaurant and Prabhakar Polani.  Plaintiff seeks a TRO to preserve its beneficial interest in the statutory trust created under the Perishable Agricultural Commodities Act of 1930 (PACA), 7 U.S.C. §§ 499a-499t, as amended.  For the reasons stated below, the Court DENIES WITHOUT PREJUDICE Plaintiff's application for TRO.

To qualify for a temporary restraining order, the moving party must demonstrate "(1) a likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the applicant; and (4) whether any public interest favors granting an injunction." Raich v. Ashcroft, 352 F.3d 1222, 1227 (9th Cir. 2003); see also Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).  Alternatively, a temporary restraining order could issue where "the likelihood of success is such that serious questions going to

the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted).  Further, a TRO may not be issued without notice to the adverse party unless "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).

PACA was enacted to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and to provide "a code of fair play" to "aid traders in enforcing their contracts."  49 C.F.R. § 45735-01.  In 1984, PACA was amended to include a provision creating a statutory trust on all produce-related assets, including the produce itself, or any proceeds from the sale thereof, to be held by the purchaser in favor of the seller.  Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1224 (9th Cir. 2002).  The trust must be maintained for the benefit of the seller until full payment has been made.  Id.

Plaintiff asserts that it sold perishable agricultural commodities to Defendants from 2008 to 2013.  Chong Decl. ¶ 4. However, in 2013, Defendants stopped paying for produce they

2

ordered and received. Id.; Chong Decl., Ex. B. The outstanding unpaid balance is $6,021.00. Chong Decl. ¶ 4. Plaintiff contacted Defendants on several occasions to attempt to collect the unpaid balance, to no avail. Id. ¶ 10. Plaintiff acknowledges that Defendants are still operating the restaurant at their known address and receiving produce from other vendors. Id. ¶ 11. Nevertheless, Plaintiff argues that Defendants' nonpayment of their debt to Plaintiff alone suggests that Defendants are unable to satisfy their debt and operating expenses out of their profit margins, and instead are likely turning to PACA trust funds. Id. Plaintiff's president, Mr. Chong, asserts that in his experience, this situation inevitably leads to liquidation of the entity maintaining the PACA trust, rendering recovery impossible. Id. ¶ 12.

Plaintiff has not demonstrated that a TRO is warranted. While Plaintiff has demonstrated a likelihood that Defendants are delinquent in payments subject to a PACA trust, Plaintiff has not shown that an immediate dissipation of trust assets will occur, and as a result has not demonstrated there is a significant threat of irreparable injury. Fresh & Best Produce, Inc. v. Michael F. Wallau Enterprises, Inc., 2010 WL 4704040, at *3 (N.D. Cal.). That Defendants are in arrears alone does not necessarily indicate that trust assets are being depleted, especially without any additional evidence of Defendants' financial situation or risk of liquidation. Id. Further, there is no justification for granting Plaintiff's ex parte application without notice to Defendants. Plaintiff argues that giving Defendants advance warning would give Defendants time to dissipate trust assets. But Plaintiff provides

3

no facts to support this conclusory statement.  See ASA Farms, Inc. v. Fresh 'N Healthy, Inc., 2008 WL 115009, at *1 (N.D. Cal.). Imposing a TRO that will potentially affect all Defendants' assets,[1] without giving Defendants notice or opportunity to be heard, poses an unreasonable risk of harm to Defendants.

    Accordingly, the Court DENIES Plaintiff's ex parte application for a TRO without prejudice to a renewed application with either a sufficient showing of the danger of immediate dissipation of the trust or notice to Defendants.  Otherwise, the Court shall hear the preliminary injunction motion on February 27, 2013, at 2:00 PM.  Plaintiff shall serve notice on Defendants no later than February 10, 2014.  Defendants may file a response no later than February 21, 2014.  No replies will be permitted. Plaintiff's request to consolidate trial on the merits with the preliminary injunction hearing is DENIED.

    IT IS SO ORDERED.

Dated: 2/7/2014

CLAUDIA WILKEN
United States District Judge

---

[1] See Docket No. 5-3 (proposed order requesting a TRO that would enjoin "all of the assets of Defendant" unless they "can prove to this Court that a particular asset is not derived from perishable agricultural commodities").

4